# 96 DTA 107

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I
REGION JUDICIAL DE SAN JUAN**

LA ADMINISTRACION DE REGLAMENTOS Y PERMISOS, REPRESENTADA
POR SU ADMINISTRADOR, ING. RAMON MAIZ DEL TORO
Querellante-Apelada

v.

JAIME ZIZELMAN RODRIGUEZ
Querellado-Apelante

Núm. KLAN-96-00797

San Juan, Puerto Rico, a 6 de agosto de 1996

Panel integrado por su Presidenta, Juez Fiol Matta
la Juez Rodríguez de Oronoz y el Juez González Román

Rodríguez de Oronoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Jaime Zizelman Rodríguez acude el 5 de agosto de 1996 a este Tribunal impugnando una orden del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan de 10 de julio de 1996. ▮

Junto al recurso nos solicita que, en auxilio de nuestra jurisdicción, paralicemos el efecto de dicha orden.

## I

El trasfondo de la controversia es sencillo. El 20 de junio de 1996 la Administración de Reglamentos y Permisos (ARPE) presentó una petición jurada ante el Tribunal de Primera Instancia alegando que el querellado Jaime Zizelman Rodríguez mantenía un uso ilegal en su propiedad sita en la calle General del Valle de la Urbanización Delicias de Río Piedras.

Invocando el procedimiento especial dispuesto en el Art. 28 de la Ley Núm. 76 de 24 de junio de 1995, según enmendada, 23 L.P.R.A. sec. 72, ARPE solicitó al tribunal que paralizara inmediatamente el uso en cuestión y señalara la fecha y hora para la vista de la querella dentro de los diez (10) días siguientes.

El tribunal, luego de examinar la querella presentada en la cual se alegaba bajo juramento que el querellado estaba llevando a cabo un uso en su propiedad en violación a las disposiciones de la Ley Núm. 76, *supra*, accedió a lo solicitado. El 10 de julio de 1996 ordenó que el querellado Jaime Zizelman Rodríguez paralizara inmediatamente el uso ilegal al que se refería la querella. En la orden provisional de paralización el tribunal dispuso, además, que el querellado compareciera el 10 de octubre de 1996 a una vista para confrontar las alegaciones de la querella.

Jaime Zizelman Rodríguez nos solicita que declaremos nula la orden emitida por el tribunal. Solicita, además, que en auxilio de nuestra jurisdicción paralicemos los efectos de la orden hasta tanto nos pronunciemos definitivamente sobre el recurso presentado.

Argumenta, en síntesis, que el tribunal violó el procedimiento especial sumario del Art. 28 de la Ley Núm. 76, *supra*, al citar la vista en un término que excede de setenta (70) días. El período excesivamente largo, aduce el peticionario, trae consigo el menoscabo de derechos fundamentales.

El Art. 28 citado por el peticionario dispone como sigue:

*"(a) Cuando, por persona o autoridad con derecho a ello, se presente petición jurada ante un juez del Tribunal de Primera Instancia de Puerto Rico identificando un edificio o casa, rótulo o anuncio,*

*alegando que el mismo está siendo construido, instalado, eregido, exhibido, mantenido, ampliado, reparado, trasladado, alterado, reconstruido, o usado, o demolido, en violación de esta Ley o de los reglamentos, mapas o planos aplicables especificando los actos constitutivos de dicha violación e identificando la persona o personas que estén cometiendo la violación en cuestión, el tribunal expedirá una orden provisional dirigida a dichas personas requiriéndoles para que paralicen inmediatamente, bajo apercibimiento de desacato la obra, uso o instalación a que la petición se refiere, hasta tanto se ventila judicialmente su derecho.*

*(b) **En la orden provisional se fijará la fecha de la vista que deberá celebrarse dentro de los diez (10) días siguientes a la radicación de la petición** y se advertirá al querellado que en dicha vista podrá él comparecer, personalmente o por abogado, a confrontarse con las imputaciones que se le hacen, pudiendo dictarse la orden permanente si dejare él de comparecer....".* (Énfasis nuestro).

De una lectura del citado Art. 28 surge inequívocamente que el tribunal está facultado para emitir una orden provisional de paralización cuando se le presenta una petición jurada que identifica que un edificio o casa está siendo construido, ampliado, reparado, trasladado, alterado, reconstruido, usado, o demolido, en violación a las leyes, reglamentos, mapas o planos adoptados para regular el desarrollo, subdivisión y uso de terrenos y para la construcción y uso de edificios en Puerto Rico. Ahora bien, la ley exige que se cite al querellado a una vista dentro de un término de diez (10) días, para que éste pueda confrontar las imputaciones que se hicieron en su contra.

El procedimiento sumario del Art. 28 exige un término corto de diez (10) días entre la orden provisional de paralización que se dicta ex-parte y la vista para que el querellado confronte las imputaciones del querellante. Se trata del balance que el legislador encontró razonable para minimizar cualquier efecto detrimental al querellado, a quien se le paraliza una obra o un uso sin la oportunidad de ser oído. Es medular, por tanto, que los tribunales, al hacer uso del procedimiento especial sumario que se provee en el Art. 28 de la Ley Núm. 76, *supra*, citen la vista allí dispuesta dentro del término de diez (10) días.

En el caso ante nuestra consideración el tribunal dictó la orden provisional de paralización el 10 de julio de 1996 y señaló la vista que exige la ley para el 10 de octubre de 1996. Ello es contrario a las claras disposiciones del Art. 28 de la Ley Núm. 76, *supra*.

## II

En atención a ello, se expide el auto de *certiorari*, y se revoca la orden recurrida. Se devuelve el caso al Tribunal de Primera Instancia para que dicho foro reexamine la situación y decida el curso apropiado a seguir. Dicho foro podría emitir una nueva orden provisional de paralización, mas si se decide por este curso de acción, deberá celebrar una vista dentro de los diez (10) días siguientes a la nueva orden provisional de paralización. Dicho foro podría, por otro lado, mantener el señalamiento de la vista para el 10 de octubre de 1996 más si se decide por este curso de acción deberá de abstenerse de emitir una nueva orden provisional de paralización dado el exceso de tiempo transcurrido en violación al Art. 28 de la Ley Núm. 76, *supra*.

Lo resuelto en el día de hoy hace innecesario dictamen adicional alguno en cuanto a la moción en auxilio de jurisdicción.

Adelántese por teléfono, vía facsímil y notifíquese por la vía ordinaria.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIO 96 DTA 107

1. El señor Zizelman instó un recurso de apelación. Por tratarse de la revisión de una orden interlocutoria, acogemos el recurso como uno de *certiorari*. Art. 4.002, Ley de la Judicatura de 1994, según enmendada; Regla 32, Reglamento del Tribunal de Circuito de Apelaciones, aprobado el 25 de abril de 1996, según enmendado.